IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **EDWARD LEE HUMES,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-639-L-BN** |
| § | |
| **WALMART and WALMART #5416,** § | |
| § | |
| Defendant. § | |

# ORDER

On April 4, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered, recommending that the court, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss this action by *pro se* Plaintiff Edward Lee Humes and all claims asserted by him for alleged discrimination and/or retaliation in violation of his civil rights and the Americans with Disabilities Act ("ADA"). The Report recommends that dismissal should be with prejudice and without leave to amend unless Plaintiff explains, within the time for filing objections to the Report, how he would cure the pleading deficiencies identified:

> In sum, the Court should dismiss Humes's complaint.
>
> But the ability to file objections to this recommendation . . . allows Humes an opportunity to cure the deficiencies identified above and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant leave to amend [to amend his pleadings]. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

Report 6. No objections to the Report were filed, and the deadline for filing objections has expired. In addition, Plaintiff has not requested an extension of time to cure the pleading deficiencies identified or filed anything explaining how the deficiencies can be cured.

Having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, pursuant to Rule 12(b)(6), the court **dismisses with prejudice** Plaintiff's claims for alleged discrimination and/or retaliation in violation of his civil rights and the ADA for failure to state a claim upon which relief can be granted. Further, as Plaintiff has not explained how he would amend his pleadings if given the opportunity, the court will not give grant him leave to amend. *See Scott*, 16 F.4th at 1209.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 26th day of April, 2024.

Sam A. Lindsay
United States District Judge